LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, PC
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Creditor
SANG E. HAHN

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **In re** <br><br> **DANIEL B. YOON,** <br> **JEENE S. YOON** <br><br> **Debtor(s).** | Case No. 19-42763 <br><br> A.P. No. 20-04009 <br><br> Chapter 11 <br><br> **OBJECTION TO CHAPTER 11 PLAN** <br><br> Judge: Hon. Charles Novack |

Comes now, SANG E. HAHN, (hereinafter "HAHN") Creditor herein, and OBJECTS to the Chapter 11 Plan filed by Debtors on February 25, 2021, and entered on the docket as document number 145.

## I. BACKGROUND FACTS

HAHN and Daniel B. Yoon (hereinafter "YOON") were co-owners of Bay Point Development I, LLC (hereinafter "BAYPOINT.") BAYPOINT's largest asset was a valuable leasehold interest in real property in Berkeley Marina. YOON agreed to use his expertise to run a restaurant from the leasehold, subject to profit sharing arrangement. YOON then stopped making

1

the payments, whereupon the parties negotiated at least two forbearance arrangements.

Unbeknownst to HAHN, YOON had caused BAYPOINT's valuable leasehold interest to terminate prematurely. YOON had, instead, negotiated a new leasehold interest with s new entity, HANA JAPAN, INC as the new lessee. YOON was the owner of HANA JAPAN, INC. HAHN had no interest in, or knowledge of, HANA JAPAN, INC.

YOON then transferred away partial interest in HANA JAPAN, INC, to his family members for illusory consideration. After YOON defaulted on these payments, HAHN discovered that YOON had looted that largest asset of BAYPOINT.

## II. STATE COURT ISSUES

HAHN had filed a lawsuit against YOON in state court. That lawsuit is stayed.

HAHN intends to file another action in state court against HANA JAPAN, INC., seeking to impose a constructive trust on HANA JAPAN INC.'s leasehold interest. Should this lawsuit prevail, HANA JAPAN, INC. will be out of business.

## III. OBJECTIONS

Creditor HAHN objects to the chapter 11 plan on the following grounds:

1- TYPOGRAPHICAL ERRORS:

a- Disbursing agent: Page 8 of the Plan, dealing with non-consensual confirmation states, in relevant part "If the court confirms this Plan under 11 U.S.C. § 1191(b), Debtor, not the Subchapter V Trustee, shall make payments to creditors under this Plan." This is apparently a typographical error. If Debtor confirms a non-consensual plan, the Subchapter V Trustee must be the disbursing agent.

2

b- <u>Corporate ownership:</u> The first sentence of plan (page 9, Section A) states that "Debtors are individuals who own 50% of the shares of Hana Yoon Corporation and 50% of the shares of Hana Yoon Corporation." This is a clearly a typographical error, and should be corrected.

2- <u>LIQUIDATION ANALYSIS:</u>

Creditor objects to the liquidation analysis and asset valuations, as set forth below:

a- <u>Failure to disclose stimulus funds:</u> The recently-enacted stimulus plan includes a $25 billion allowance for restaurants affected by the pandemic. It is clear that the restaurants owned by Debtors will be eligible to substantial stimulus funds. The plan cannot be confirmed until the corporations have applied for the funds, and have disclosed the amounts to this court.

b- <u>Value of raw land</u>: Creditor believes the value of the raw land is understated, and that an appraisal should be obtained by a neutral appraiser.

c- <u>Value of HANA JAPAN INC.:</u> This entity currently holds a very lucrative, long term, below-market lease on commercial property in the Berkeley Marina. While HAHN asserts that this leasehold interest is in constructive trust imposed by operation of law for the benefit of BAYPOINT, until and unless this issue is adjudicated, the value of leasehold interest should be properly disclosed, based upon credible foundation. This has not been done.

d- <u>Fraudulent conveyance</u>: YOON transferred a portion of his interest in HANA JAPAN, INC. and HANA YOON, INC. It appears that the transferees were insiders as defined in 11 USC §101-31. This transfer is disclosed in-passing at pages 10 and 11. According to this disclosure, the consideration allegedly paid for each transfer was $200,000 due

3

20 years later. The consideration is clearly illusory, and the fraudulent conveyance cause of action belongs to the bankruptcy estate. This asset has not been properly valued or disclosed. HAHN requests that Debtors clarify whether the transferees were, indeed, insiders.

3- <u>PLAN TERM:</u>

HAHN objects to a plan term of three years, and asserts that the plan term should be five years.

4- <u>DEFINITION OF MATERIAL DEFAULT:</u>

The plan fails to properly define the events that constitute material default.

5- <u>DEFINITION OF EFFECTIVE DATE:</u>

The plan's effective date is not specified.

6- <u>PRE-CONFIRMATION SUB-CHAPTER V TRUSTEE FEES:</u>

The plan does not address the fees that may have accrued and be payable to the sub-chapter V trustee for services rendered prior to confirmation.

7- <u>POST-CONFIRMATION SUB-CHAPTER V TRUSTEE FEES:</u>

The plan does not address the fees that may have accrued and be payable to the sub-chapter V trustee for services rendered after confirmation.

8- CONSENSUAL VERSUS NON-CONSENSUAL CONFIRMATION NOT DISCUSSED:

The plan does not discuss the differences in and rights and obligations of the parties surrounding a consensual as opposed to a non-consensual confirmation. Specifically, and without limitation, the plan does not set forth who pays the Sub-chapter V trustee fees in the event of a non-consensual confirmation.

9- VALUE OF HAHN'S CLAIM, FOR VOTING PURPOSES, NOT ADDRESSED:

The plan does not address, for voting purposes, the value of HAHN's claim. If a proper valuation is not proposed, HAHN reserves the right to file a motion pursuant to 11 U.S.C. §502(c).

10- EFFECT OF §523 ACTION NOT DEFINED:

HAHN's §523 AP is pending. Although a settlement conference is planned, it is possible that a resolution will not be reached. In certain instances, and where certain conditions are satisfied, a Debtor may propose a chapter 11 plan that enjoins collection on debts found non-dischargeable in a §523 action. Computer Task Group, Inc. v. Brotby (In re Brotby), 303 B.R. 177, 190 (9th Cir. BAP 2003); In re Mercado, 124 B.R. 799, 801 (Bankr. C.D. Cal. 1991).

Debtor's plan does not address the issues raised in Brothby and Mercado, and simply ignores the extremely high likelihood that HAHN will prevail in his §523 action, and therefore, be entitled to enforce his judgment.

11- <u>FEASIBILITY:</u>

At least two issues would render the plan thoroughly unfeasible:

a- <u>State court lawsuit:</u> HAHN intends to file a complaint in state court, seeking to *inter alia*, impose a constructive trust on HANA JAPAN, INC.'s leasehold interest in the commercial property in Berkeley. HAHN will also seek money damages, calculated at the differential between market rents and rent amounts paid by HANA JAPAN, INC.

Should that lawsuit prevail, HANA JAPAN, INC. will be out of business, and the plan will be unfeasible.

b- <u>The §523 action:</u> Should HAHN prevail in his §523 action, and absent language in the plan to enjoin collection actions, HAHN will engage in aggressive collection action against debtors, which will make it impossible for them to complete the plan.

12- <u>RESERVATION OF ADDITIONAL OBJECTIONS:</u>

HAHN reserves the right to raise additional objections should the settlement conference be unsuccessful. Similarly, HAHN reserves the right to object to any language that may appear in any Amended Plan, even if such language is duplicative of language in the instant plan, and has not been objected to herein.

## IV. <u>CONCLUSION</u>

The plan, as drafted, is clearly inadequate, and should be thoroughly redrafted.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

Respectfully submitted,

THE FULLER LAW FIRM, PC

March 17, 2021          __/s/ *Sam Taherian*_____
By: SAM TAHERIAN, ESQ.
Attorneys for Sang Hahn,
Objecting Creditor

7