Kassra P. Nassiri (SBN 215405)
(kass@njfirm.com)
Jose Raul Alcantar Villagran (SBN 304981)
(raul@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, CA 94111
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

Special Counsel to Debtors
DANIEL B. YOON and JEENEE S. YOON

UNITED STATED BANKRUPTCY COURT

NORTHER DISTIRCT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>DANIEL B. YOON and JEENEE S. YOON,<br><br>    Debtors. | Case No.: 19-42763<br>Chapter 11<br><br>**NASSIRI & JUNG LLP'S APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 25, 2020, THROUGH JUNE 30, 2021**<br><br>**<u>Hearing Date and Time</u>**<br>Date: September 3, 2021<br>Time: 11:00 a.m.<br>Judge: The Hon. Charles Novack<br>Via Tele/Videoconference –<br>www.canb.uscourts.gov/calendars |

**SUMMARY SHEET TO NASSIRI & JUNG LLP'S APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 25, 2020, THROUGH JUNE 30, 2021**

| | |
|---|---|
| Name of Applicant: | Nassiri & Jung LLP |
| Name of Clients: | Daniel B. Yoon and Jeenee S. Yoon |
| Application Period: | Feb. 25, 2020, through Jun. 30, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary:<br><br>By matter:<br>  i. Main chapter 11 case<br>  ii. *Hahn v. Yoon*, A.P. No. 20-04009<br>  iii. *K.S. Aviation, Inc. v. Yoon*, A.P. No. 20-04010<br>  iv. *Yoon v. K.S. Aviation, Inc.*, A.P. No. 20-04021 | Compensation grand total: $148,505.26<br><br>By matter:<br>  i. $11,131.00<br>  ii. $91,453.00<br>  iii. $10,907.00<br>  iv. $33,226.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:<br><br>By matter:<br>  i. Main chapter 11 case<br>  ii. *Hahn v. Yoon*, A.P. No. 20-04009<br>  iii. *K.S. Aviation, Inc. v. Yoon*, A.P. No. 20-04010<br>  iv. *Yoon v. K.S. Aviation, Inc.*, A.P. No. 20-04021 | Expenses grand total: $1,787.26[1]<br><br>By matter:<br>  i. $225.50<br>  ii. $966.35<br>  iii. $100.50<br>  iv. $494.91 |
| Petition Date: | December 6, 2019 |
| Date of Retention Order: | March 11, 2020 [Ch. 11 case Dkt. No. 40], effective as of Feb. 25, 2020. |
| Total compensation allowed/paid to date: | None |
| Total expenses allowed/paid to date: | None |
| Blended rate in Application for all attorneys | $535.10 |
| Blended rate in Application for all timekeepers | $513.18 |
| Number of professionals included in Fee Application | Three (3) |
| Rates higher than those approved at retention? | No |

---

[1] The expenses sought as reasonable and necessary are in conformity with applicable rules and guidelines. The expenses sought herein are at actual cost incurred by Nassiri & Jung LLP.

1

Nassiri & Jung LLP ("N&J") submits this application (the "Application"), pursuant to 11 U.S.C. section 330(a), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and this Court's *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees*, effective February 19, 2014 (the "Guidelines"), for allowance and payment of compensation for the actual and necessary professional services that it performed in three adversary proceedings as Special Counsel to Daniel B. Yoon and Jeenee S. Yoon, debtors and debtors in possession in the above-captioned chapter 11 case (together, the "Debtors"), and in the main chapter 11 case in connection with its retention as Special Counsel, from February 25, 2020 through June 30, 2021 (the "Application Period"),[2] and for allowance and reimbursement of its actual and necessary expenses incurred by N&J in rendering professional services to the Debtors during the Application Period. In support of the Application, N&J respectfully represents as follows:

I. **EMPLOYMENT AND PRIOR COMPENSATION**

On February 28, 2020, the Debtors filed the *Debtors' Application for Approval of Employment of Nassiri & Jung LLP as Special Counsel* Nunc Pro Tunc *to February 25, 2020* [Dkt. No. 31] (the "Retention Application"). The Retention Application was approved by the Court's *Order Approving Employment of Nassiri & Jung LLP as Special Counsel* Nunc Pro Tunc *to February 25, 2020* [Dkt. No. 40] (the "Retention Order").[3] N&J has not previously made any requests for the compensation or reimbursement of expenses sought herein, nor received any compensation or reimbursement on account thereof.

---

[2] N&J's records of time and expenses for each adversary proceeding and for related work in the main chapter 11 case during the Application Period are attached hereto as Exhibits 1-16.

[3] In addition to N&J, the Debtors also retained Mr. Lawrence Szabo, Esq. as chapter 11 counsel and Cyril Lawrence, Esq., as special litigation counsel with respect to certain pending state-court actions and tax matters. [*See* Dkt. Nos. 41, 74.]

2

## II. CASE STATUS[4]

On December 6, 2019, the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are debtors in possession in this case. No examiner has been appointed, nor has the Court appointed a committee of unsecured creditors or other statutory committee. A meeting of creditors was convened on December 30, 2019, and concluded on February 24, 2020. The Debtors timely filed their Schedules of Assets and Liabilities, Statement of Financial Affairs and all other required schedules and forms. (*See* Declaration of Lawrence L. Szabo in Support of Debtors' Second Motion for Order Extending Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto, ¶¶ 1-7 [Dkt. No. 78-1].)

On November 3, 2020, the Debtors filed an Amended Voluntary Petition, electing to proceed under Subchapter V of Chapter 11. [Dkt. No. 121.] They filed a Chapter 11 Plan Small Business Subchapter V that same day. [Dkt. No. 123.] On November 5, 2020, the United States Trustee appointed Gina Klump, Esq. as a Subchapter V trustee in the chapter 11 case, pursuant to 11 U.S.C. § 1183(a). On February 4, 2021, creditor Sang E. Hahn filed an objection to the Debtors' plan. [Dkt. No. 142.] The Debtors filed a First Amended Chapter 11 Plan Small Business Subchapter V on February 25, 2021. [Dkt. No. 145.] The Court set a Plan Confirmation Hearing for April 30, 2021. The confirmation hearing was continued twice to permit the Debtors to address certain issues with their plan raised by the Court, the Subchapter V trustee and Hahn.

After months of intense negotiations, on June 14, 2021, the Debtors reached a global settlement of Hahn's adversary proceeding and proof of claim (described below in more detail). The settlement agreement provides for, among other things, Hahn's agreement to vote his $2 million

---

[4] Additional factual background relating to the commencement of the Debtors' Chapter 11 case is also set forth in, without limitation, the following filings herein, all of which are incorporated herein by reference:

(a) the Debtors' four status conference statements filed herein [Dkt. Nos. 19, 107, 147, and 168], filed on January 2, 2020, September 17, 2020, February 25, 2021, and June 1, 2021, respectively; and
(b) the Debtors' Second Amended Plan of Reorganization for Small Business Under Chapter 11 [Dkt. No. 169], filed on June 3, 2021 (the "Second Amended Plan").

3

allowed general unsecured claim in favor of the Debtors' Plan. On July 22, 2021, the Debtors filed a *Tabulation of Acceptances and Rejections of Debtors' Plan of Reorganization Under Chapter 11* [Ch. 11 Dkt. No. 182] reflecting that the impaired classes of claims established by the Debtors' Plan have unanimously accepted the Debtors' Plan. The Bankruptcy Court approved the Debtors' Plan and their settlement with Hahn, pursuant to Bankruptcy Rule 9019, at the continued confirmation hearing held on August 6, 2021.

As more fully set forth in the Second Amended Plan, the Debtors are individuals who own 50% of the shares of Hana Yoon Corporation and 50% of the shares of Hana Japan, Inc. Each corporation owns and operates a Japanese-style restaurant. Both corporations have elected to be taxed under Subchapter S of Chapter 1 of the Internal Revenue Code. The Debtors' primary sources of income are salaries and distributions of profits from their two S corporations.[5] The Debtors' Monthly Operating Report for the month ended June 30, 2021 [Dkt. No. 185] (the "MOR"), reflects that, for the current month, the Debtors had total cash receipts of $7,038.00 and disbursements of $4,080.00, and cash on hand of $8,665.00 at the end of the month. (MOR, Page 2 of 19.) The Debtors' Monthly Operating Report for the month ended May 31, 2021 [Dkt. No. 180] reflects that the Debtors had Total Assets of $1,879,252, consisting of real property, furniture, fixtures, equipment, vehicles, retirement assets, and life insurance. [Id., Page 2 of 15.]

The Second Amended Plan provides the Debtors' projected financial information in Exhibit C thereto, which is based on the Debtors' pre-pandemic salaries and distributions. The Debtors project that their earnings and distributions from Hana Japan and Hana Yoon Corp. will increase over time as the pandemic subsides and the economy reopens. The Debtors' financial projections show that they expect to have projected disposable income (as defined by section 1191(d) of the Bankruptcy Code) for the period described in section 1191(c)(2) of $1,011,887.60, consisting of:

    1. $371,500, from distributions by Hana Yoon Corporation of the Debtors' share of the proceeds of the sale of the unimproved parcel real property known as 11991 Dublin

---

[5] See Exhibit A to the Second Amended Plan for a further description and a history of the Debtors' businesses, the circumstances that led to the filing of the case, and major events in the case.

4

Canyon Rd., Pleasanton, California, APN: 941-1710-10-1;

2. $371,500, from contributions to the Debtors by Jong Yoon and Jong-Ki Yoon of distributions to them by Hana Yoon Corporation of their shares of the proceeds of the sale of 11991 Dublin Canyon Rd.;

3. $40,500, from proceeds of the sale of the Debtors' six unimproved parcels of real property located in Littlerock (Sun Village), Los Angeles County, CA.

4. $228,387.60, from salaries and distributions received by the Debtors from Hana Japan, Inc., and Hana Yoon Corporation and, if needed to pay distributions under this Plan to the holder of the Class 2-A claim (Bank of the West), their Invesco Trust Company IRA, account the Fidelity & Guaranty IRA account, and their exempt and non-exempt portions of the Bright House whole life insurance policy.

The final Plan payment of the Debtors' projected disposable income (as defined by section 1191(d) of the Bankruptcy Code) for the period described in section 1191(c)(2), other than payments to Class 2-A and Class 2-B, is expected to be paid three years from the effective date of this Plan. The Second Amended Plan will be funded by: (1) distributions to the Debtors of 50% of the proceeds from the sale of real property owned by Hana Yoon Corporation; (2) proceeds from the sale of the Debtors' interests in six unimproved parcels of real property located in Littlerock (Sun Village), Los Angeles County, California; (3) litigation proceeds from the actions *Yoon v. K.S. Aviation, Inc.*, Adv. Proc. No. 20-04009, removed from the Superior Court of California, County of Merced (the "Removed Action"), and *Yoon v. Vincent Kim*, et al., pending in Los Angeles County Superior Court, under Case No. BC685739; and the Debtors' future earnings and distributions from Hana Yoon Corporation and Hana Japan, Inc.

In addition to the administrative expenses set forth in this Application, the Debtors have accrued approximately $60,000 in other expenses of administration to date, including Mr. Szabo's fees and expenses and the Subchapter V Trustee's allowed administrative claim expenses.

## III. PROJECT BILLING AND NARRATIVE CATEGORIZED BY MATTER – FROM FEBRUARY 25, 2020 THROUGH AND INCLUDING JUNE 30, 2021

As of the petition date, Debtor Daniel B. Yoon was a party in multiple actions in courts of the State of California and in this Court. Pursuant to the Retention Order, N&J was retained as Special Counsel effective February 25, 2020, to represent the Debtors in the following Adversary Proceedings:

i. As Defendants in *Hahn v. Yoon*, Adversary Proceeding No. 20-04009, which objected to the dischargeability of damages allegedly caused to Hahn by Debtor Daniel Yoon in connection with a lease with the City of Berkeley for 225/235 University Ave., Berkeley, California (the "City of Berkeley Lease").

ii. Dan Yoon as Plaintiff in the Removed Action named *Dan Yoon v. K.S. Aviation, Inc.*, Merced County Superior Court, No. 17CV-00630, filed March 2, 2017, and removed on March 4, 2020, in which Daniel Yoon seeks, without limitation, to collect approximately $3.4 million in promissory notes and indemnification from K.S. Aviation, Inc.

iii. Daniel Yoon as Defendant in the action *K.S. Aviation, Inc. v. Dan Bong Yoon*, Alameda County Superior Court, No. RG18913041, filed July 17, 2018, which alleged that Debtor Daniel Yoon embezzled approximately $2.1 million from K.S. Aviation. K.S. Aviation filed an unsecured proof of claim [Claim No. 6-1, filed February 25, 2020] related to this state court action. On February 29, 2020, K.S. Aviation commenced an Adversary Proceeding herein (number 20-04010) objecting to the dischargeability of the allegedly embezzled funds (i-iii, together, the "Adversary Proceedings").

The following narrative and charts summarize the hours during the Application Period for each matter, by status, outcomes, professional and category:

1. **_DANIEL B. YOON AND JEENEE S. YOON_**, Ch. 11 Case No.: 19-42763 CN 11

N&J attended status conferences and participated in the main chapter 11 case only as necessary with respect to matters related to the Adversary Proceedings. Specifically, N&J seeks compensation and reimbursement of expenses with respect to this matter related to: (a) preparation of its Retention Application; (b) attending status conferences in the main chapter 11 case; (c) discussing status and strategy with respect to the Adversary Proceedings with the Debtors' chapter 11 counsel, Mr. Lawrence Szabo, as pertained to the chapter 11 case's administration; and (d) preparing this fee application.

*Fees By Professional*

| Name | Year Admitted | Hourly Rate | Total Hours | Fees |
|---|---|---|---|---|
| Jose Raul Alcantar Villagran | NY 2008; CA 2015 | $535 | 18.6 | $9,951.00 |
| Kassra P. Nassiri | CA 2001 | $600 | 0.0 | $0.00 |
| Clive Tan[6] | Paralegal (April 2021) | $200 | 5.9 | $1,180.00 |
| **Total:** | | $454.33 (Blended Rate) | 24.5 | $11,131.00 |

*Fees By Category*

| Category | Total Hours | Fees |
|---|---|---|
| Retention Application | 1.5 | $802.50 |
| Fee Application | 11.4 | $4,893.00[7] |
| Hearings and status conferences | 2.1 | $1,123.50 |
| Strategy | 4.6 | $2,461.00 |

---

[6] Mr. Clive Tan is specially trained as a paralegal. Mr. Tan completed a Paralegal Certificate program on March 22, 2021, and received his Paralegal Certificate on April 20, 2021.

[7] Pursuant to Guideline No. 6, the fees sought for preparation of this application ($4,983) do not exceed five percent of the total amount of fees and costs requested in this application ($150,840.76) – they equal approximately 3.30% of the total fees and costs requested herein.

7

| | | |
|---|---|---|
| Case Administration | 4.2 | $1,476.50 |
| Other | 0.7 | $374.50 |
| **Total:** | 24.5 | $11,131.00 |

*Expenses*

| **Description** | **Total** |
|---|---|
| Deadlines.com | $180.00 |
| CourtCall | $45.50 |
| **Total:** | $225.50 |

The expenses listed above are in conformity with the Bankruptcy Court's Guidelines. All of the expenses sought herein are at actual cost incurred by Nassiri & Jung LLP. Wherever necessary Applicant's expense policies have been modified to comply with the Guidelines. All of the expenses listed above are at actual cost.

**2. HAHN v. YOON, Adv. Proc. No.: 20-04009**

The Hahn adversary proceeding concerned a decades'-long dispute amongst the Debtors and Sang E. Hahn concerning an alleged "partnership" regarding the Hana Japan restaurant located in the City of Berkeley.

Plaintiff Sang E. Hahn ("Hahn") alleged that Defendant Daniel B. Yoon ("Defendant Dan Yoon") breached an agreement executed in 2005 purportedly assigning Bay Point Development LLC's ("Bay Point") lease with the City of Berkeley to Hana Japan, and providing for Hana Japan's payment to Hahn of fixed monthly amounts. Hana Japan took possession of premises in the Berkley Marina leased by the City of Berkeley to Bay Point. Hana Japan built out the premises and started operating the restaurant.

Defendant Dan Yoon argued that Hahn did not, as required under the lease, inform the City of Berkeley that Bay Point had transferred or assigned the Bay Point lease to Hana Japan. Defendant Dan Yoon further alleged that about December 2015, the City of Berkeley, upon learning

8

Case: 19-42763   Doc# 189   Filed: 08/10/21   Entered: 08/10/21 16:34:57   Page 9 of 19

of the unauthorized purported assignment to Hana Japan, terminated the 30-year lease with Bay Point, based on Bay Point's default, and threatened to immediately evict Hana Japan. After significant negotiations with the City of Berkeley, the City Council agreed to enter into a one-year lease with Hana Japan, upon discovering that Hana Japan, not Bay Point, was operating a restaurant on the premises, and that Bay Point was suspended by the Secretary of State and could not legally conduct business due to its failure to pay franchise taxes to the State of California.

      Hahn initially sought at least $2 million in non-dischargeable damages for allegedly remaining payments to him under the 2005 agreements. He subsequently sought to amend his complaint to add a claim for elder abuse, potentially trebling his damages and entitling him to recovery of attorneys' fees in costs, bringing the total amount sought from the Debtors to more than $7 million in non-dischargeable damages. The Debtors and Hahn stipulated that litigation of the Debtors' Objection to Allowance of Hahn's unsecured proof of claim [Claim 8-1], seeking at least $2 million, would be consolidated with, and incorporated into, the litigation of the Hahn adversary.[8]

      The Hahn adversary proceeding was heavily litigated. It involved significant motion practice, review and production of thousands of records, and protracted settlement negotiations, including a settlement conference before Judge William Lafferty, over the course of approximately three months in the spring of 2021.

      On May 13, 2021, Defendants and Plaintiff Hahn and agreed to a settlement in principle of the Hahn adversary proceeding, the Debtors' objection to Hahn's proof of claim, Hahn's objections to the Debtors' plan, and dismissal with prejudice of litigation pending in Alameda County Superior Court by Hahn against the Debtors and Hana Japan, subject to court approval in exchange for, among other things, payment to Hahn of total consideration of $300,000 from the Debtors' plan and/or Hana Japan. A formal settlement agreement was prepared and executed by the parties on June 14, 2021 (the "Settlement Agreement"). (Annexed as Exhibit 1 to the Declaration of Jose Raul Alcantar Villagran [Dkt. No. 178-1].) The Settlement Agreement allows Hahn a claim of $2.0

---

[8] *See* Stipulation to Consolidate Objection to Claim Litigation with Adversary Litigation, etc., [Ch. 11 Dkt. No. 111, Page 3 of 3].

million dollars for the purposes of voting on Debtors' plan and distributions under the plan. (*Id.*, §3.e.) The Settlement Agreement also provides for entry of a $300,000 non-dischargeable judgment against Debtors. (*Id.*, §3.d.) Hana Japan, Inc. agreed to pay Hahn $300,000 in monthly installments over the next 60 months, with a credit for any distributions received by Hahn under the Debtors' plan. (*Id.*, §3.c.) Payments to Hahn will cease when Hahn has received total consideration of $300,000, whether received from Hana Japan or from distributions under the plan. (*Id.*) Hahn agrees to accept and withdraw his objection to the Amended Plan. (*Id.*, §3.f.) The Settlement Agreement also required that the Debtors seek Court approval of the parties' settlement within seven days of its execution. (*See id.*, §3.a.) On June 21, 2021, the Debtors filed an application to approve the Settlement Agreement, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, with a hearing on the application currently set for August 6, 2021, at 11:00 a.m.

*Fees By Professional*

| Name | Year Admitted | Hourly Rate | Total Hours | Fees |
|---|---|---|---|---|
| Jose Raul Alcantar Villagran | NY 2008; CA 2015 | $535 | 168.10 | $89,933.50 |
| Kassra P. Nassiri | CA 2001 | $600 | 0.2 | $120.00 |
| Clive Tan[9] | Paralegal (certified in April 2021) | $200 | 7.00 | $1,400.00 |
| Total: | | $521.70 (Blended Rate) | 175.30 | $91,453.00 |

*Fees By Category*

| Category | Total Hours | Fees |
|---|---|---|
| Pleadings | 25.2 | $12,979.50 |
| Discovery (subcategories below) | 54.6<br>• Written discovery: 27.00 | $27,636.50<br>• Written discovery: |

---

[9] Mr. Clive Tan is specially trained as a paralegal. Mr. Tan completed a Paralegal Certificate program on March 22, 2021, and received his Paralegal Certificate on April 20, 2021.

10

| | | |
|---|---|---|
| • Written discovery<br>• Depositions:<br>• Third-party subpoenas/requests:<br>• Other: | • Depositions: 3.00<br>• Third-party subpoenas and information requests: 7.50<br>• Other: 17.10 | $14,210.50<br>• Depositions: $1,370.50<br>• Third-party subpoenas/requests: $3,309.00<br>• Other: $8,746.50 |
| Hearings/status conferences | 10.50 | $5,617.50 |
| Settlement | Settlement (overall total): 38.30<br><br>Subcategories:<br>• Preparing Settlement Conference Statement: 11.70<br>• Attending settlement Conference: 6.50<br>• Negotiating/Drafting Settlement Agreement: 5.30<br>• Seeking Approval of Settlement Agreement: 4.10<br>• Other: 10.70 | Settlement (overall total): $20,436.50<br><br>Subcategories:<br>• Preparing Settlement Conference Statement: $6,259.50<br>• Attending settlement Conference: $3,477.50<br>• Negotiating/Drafting Settlement Agreement: $2,835.50<br>• Seeking Approval of Settlement Agreement: $2,193.50<br>• Other: $5,670.50 |
| Motions | 35.70 | $19,099.50 |
| Strategy | 6.70 | $3,584.50 |
| Case Administration | 0.70 | $173.50 |
| Other | 3.60 | $1,926.00 |
| **Total:** | 175.30 | $91,453.50 |

***Expenses***

| Description | Total |
|---|---|
| CourtCall | $90.00 |
| Wheels of Justice service and skip tracing fees | $876.35 |

11

| | |
|---|---|
| **Total:** | $966.35 |

The expenses listed above are all in conformity with the Bankruptcy Court's Guidelines. Wherever necessary Applicant's expense policies have been modified to comply with the Guidelines. All of the expenses listed above are at actual cost.

3. <u>**K.S. AVIATION, INC. v. YOON**</u>, **Adv. Proc. No.: 20-04010 (the "KSA AP")**

Plaintiff K.S. Aviation, Inc. ("<u>K.S. Aviation</u>") and Defendants Daniel B. Yoon and Jeenee S. Yoon (the "<u>Yoons</u>") have had a contentious relationship for years, spawning litigation in several Superior Courts across the State of California. [Order Granting Defendants' Motion to Dismiss Complaint, entered June 18, 2020 (the "<u>Order Granting Motion to Dismiss</u>"), KSA AP Dkt. No. 19, Page 2 of 8.] K.S. Aviation filed its proof of claim on February 25, 2019, three days before the deadline for filing non-dischargeability complaints. (*Id*.) On February 29, 2020, and on March 10, 2020, K.S. Aviation filed a complaint against the Debtors to determine dischargeability of their alleged debt to KSA, both in the main chapter 11 case and subsequently in an initiated adversary proceeding, [*See* Chapter 11 Dkt. No. 33; KSA AP Dkt. No. 1.] Plaintiff, however, did not move to extend the dischargeability deadline prior to its expiration on February 28, 2020. [*See generally* m main chapter 11 case docket.]

On March 27, 2020, the Debtors moved to dismiss K.S. Aviation, Inc.'s complaint on the ground that it was time-barred. [KSA AP Dkt. No. 5.] On the initial hearing on May 1, 2020, the Court held that Plaintiff did not timely file its complaint under Federal Rule of Bankruptcy Procedure 4007. [*See* Order Granting Motion to Dismiss, Page 1 of 8.] It authorized the parties, however, to brief the issue of whether the complaint "related back" to K.S. Aviation's proof of claim under Federal Rule of Bankruptcy Procedure 7015(c). After supplemental briefing on the "relation back" issue and a continued held on June 1, 2020, the Court held that Plaintiff had not met its burden of proof under *Markus v. Gschwend (In re Markus)*, 313 F.3d 1146, 1149 (9th Cir. 2002) (citing *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1508 (9th Cir. 1995)) and related precedent, and dismissed Plaintiff's complaint. [*See id*.]

12

K.S. Aviation appealed the Order Granting Motion to Dismiss on July 1, 2020. On June 25, 2021, K.S. Aviation filed a notice of withdrawal of its bankruptcy appeal in the U.S. District Court for the Northern District of California. The District Court construed the notice as a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), and dismissed the appeal.

*Fees By Professional*

| Name | Year Admitted | Hourly Rate | Total Hours | Fees |
|---|---|---|---|---|
| Jose Raul Alcantar Villagran | NY 2008; CA 2015 | $535 | 20.2 | $10,807.00 |
| Kassra P. Nassiri | CA 2001 | $600 | 0.0 | $0.0 |
| Clive Tan[10] | Paralegal (April 2021) | $200 | 0.5 | $100.00 |
| **Total:** | | $526.91 (Blended Rate) | 20.7 | $10,907.00 |

*Fees By Category*

| Category | Total Hours | Fees |
|---|---|---|
| Pleadings | 2.50 | $1,337.50 |
| Discovery | 0.70 | $374.50 |
| Hearings and status conferences | 2.80 | $1,498.00 |
| Motions | 13.30 | $7,115.50 |
| Strategy | 0.50 | $267.50 |
| Case Administration | 0.60 | $153.50 |

---

[10] Mr. Clive Tan is specially trained as a paralegal. Mr. Tan completed a Paralegal Certificate program on March 22, 2021, and received his Paralegal Certificate on April 20, 2021.

| | | |
|---|---|---|
| Other | 0.30 | $160.50 |
| **Total:** | 20.70 | $10,907.00 |

*Expenses*

| Description | Total |
|---|---|
| CourtCall | $100.50 |
| **Total:** | $100.50 |

The expenses listed above are all in conformity with the Bankruptcy Court's Guidelines. Wherever necessary Applicant's expense policies have been modified to comply with the Guidelines. All of the expenses listed above are at actual cost.

**4.** <u>**YOON v. K.S. AVIATION, INC.**</u>**, Adv. Proc. No.: 20-04021**

On March 4, 2020, Plaintiff Dan Yoon ("<u>Plaintiff Yoon</u>") removed the case titled *Dan Yoon v. K.S. Aviation, Inc.*, et al., Case No. 17CV-00630, pending in the Superior Court of the State of California, County of Merced (the "<u>Merced County Court</u>"), to the U.S. Bankruptcy Court for the Eastern District of California (the "<u>Eastern District Bankruptcy Court</u>"), pursuant to 28 U.S.C. section 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. On or about March 18, 2020, Plaintiff Yoon requested that the Eastern District Bankruptcy Court transfer the Removed Action to this Court. [*See* Dkt. Nos. 21-24 in the Bankruptcy Case No.: 20-01013-B, U.S. Bankruptcy Court for the Eastern District of California.][11]

On or about April 30, 2020, per Plaintiff Yoon's request, noting no opposition to the motion, "[i]n the absence of opposition and for the convenience of the parties," U.S. Bankruptcy Judge René Lastreto II entered an order transferring the Removed Action to this Court, where the debtors' chapter 11 case was then pending. (*See* Order Granting Motion to Transfer Venue, Removed Action Dkt. No. 35.)

---

[11] The Court may take judicial notice of court filings pursuant to Federal Rule of Bankruptcy Procedure 9017 (Evidence) and Federal Rule of Evidence 201(b)(2).

14

The Removed Action was filed by Plaintiff Yoon on or about March 2, 2017 to collect over $3.4 million due and payable under certain promissory notes assigned to him by his spouse (and joint debtor) and by his family's restaurants (the "Promissory Notes"). (*See* Complaint [Removed Action Dkt. No. 5].) On or about April 11, 2017, K.S. Aviation, Inc. filed a cross-complaint for breach of contract and indemnification under that certain Settlement Agreement and Mutual and General Release, entered into as of September 2, 2016, by and amongst John Yoon and Debtor Dan Yoon (the "Settlement Agreement"). (*See* Cross-Complaint [Removed Action Dkt. No. 7].) Among other things, the Settlement Agreement included broad indemnification, mutual release, and discharge provisions in favor of the parties, including Debtor Dan Yoon. (*Id.*, pages 9-10 of 13.)

On or about May 30, 2018, K.S. Aviation filed an amended cross-complaint, asserting only two causes of action based on the Settlement Agreement–breach of contract and specific performance. (*See* First Amended Cross-Complaint for Breach of Contract (the "FACC") [Dkt. No. 10].). In his answer to the FACC, Yoon generally denied the allegations in the FACC and raised, among others, the affirmative defense that the Settlement Agreement was unenforceable/invalid as unconscionable. (*See* Answer to First Amended Cross-Complaint [Dkt. No. 11].)

Because the Merced County Court apparently viewed the Settlement Agreement as a gating issue in the Removed Action, it bifurcated the action and first turned to adjudication of the enforceability of that agreement. (*See* Declaration of Eric S. Beiswanger, Esq. Regarding Status of Discovery in Removed Action [Removed Action Dkt. No. 88], ¶¶ 7-8.) Accordingly, very little discovery was completed before removal other than with respect to the issue of enforceability of the Settlement Agreement. (*Id.*, ¶ 11.)

A status conference in the Removed Action was held on August 13, 2020. On August 14, 2020, the Court ordered the parties to show cause why the Court should not, under 28 U.S.C. § 1452(b), remand the adversary proceeding to State Court. [Removed Action Dkt. No. 46.] After receiving Plaintiff's briefing and holding a hearing on September 11, 2020, the Court withdrew its order and scheduled a continued status conference. [Removed Action Dkt. No. 52.]

On November 6, 2020, Plaintiff Yoon moved for leave to amend his complaint to add causes

15

of action for indemnification and enforce the releases under the Settlement Agreement, in light of the Statement of Decision finding the agreement to be valid and enforceable. [Removed Action Dkt. No. 55.] Plaintiff Yoon had previously filed a motion for leave to file a third amended complaint on November 27, 2019, which was pending at the time of the filing of the Debtors' chapter 11 petition on December 6, 2019. [*See* Declaration of Jose Raul Alcantar Villagran, Removed Action Dkt. No. 55-2, ¶ 7.] On January 14, 2021, the Court entered an Order Granting Motion for Leave to File an Amended Complaint. [Removed Action Dkt. No. 65.]

On February 24, 2021, Defendants in the Removed Action filed an Answer and Defendant K.S. Aviation, Inc. counterclaimed against Plaintiff for alleged Fraudulent Concealment, Breach of Fiduciary Duty, and Conversion. [Removed Action Dkt. No. 78.] On March 17, 2021, Plaintiff Yoon moved to dismiss the counterclaims because they were barred by the doctrine of claim preclusion, because the counterclaims were identical to the claims raised in Defendant K.S. Aviation, Inc.'s proof of claim, and the Court previously sustained the Debtors' objection to the proof of claim. [*See* Removed Action Dkt. No. 79.]

On April 23, 2021, the Court conducted a continued hearing on Plaintiff Yoon's motion to dismiss Defendant K.S. Aviation, Inc.'s counterclaims under Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6). [*See* Order Granting Plaintiff's Motion to Dismiss Defendant K.S. Aviation, Inc.'s Counterclaim, dated May 7, 2021, as Removed Action Dkt. No. 90.] The Court agreed that the doctrine of claim preclusion applied and granted Plaintiff Yoon's motion to dismiss without leave to amend.

On May 28, 2021, the Court conducted a continued status conference in the Removed Action, and ordered that the parties shall exchange initial disclosures by June 18, 2021, and set a non-expert discovery cutoff of November 19, 2021. [Removed Action Dkt. No. 93.] The parties timely exchanged initial disclosures on June 18, 2021. Plaintiff is in the process of propounding written discovery to parties and subpoenas to non-party witnesses.

*Fees By Professional*

| Name | Year Admitted | Hourly Rate | Total Hours | Fees |
|---|---|---|---|---|
| Jose Raul Alcantar Villagran | NY 2008; CA 2015 | $535 | 59.9 | $32,046.50 |
| Kassra P. Nassiri | CA 2001 | $600 | 0.2 | $120.00 |
| Clive Tan[12] | Paralegal (April 2021) | $200 | 5.3 | $1,060.00 |
| **Total:** | | $508.05 (Blended Rate) | 65.4 | $33,226.50 |

*Fees By Category*

| Category | Total Hours | Fees |
|---|---|---|
| Pleadings | 19.0 | $10,165.00 |
| Discovery | 9.6 | $3,729.00 |
| Hearings and status conferences | 8.3 | $4,440.50 |
| Motions | 18.9 | $10,124.50 |
| Strategy | 3.7 | $1,979.50 |
| Case Administration | 1.1 | $220.00 |
| Other | 4.8 | $2,568.00 |
| **Total:** | 65.4 | $33,226.50 |

*Expenses*

| Description | Total |
|---|---|
| FedEx/courier fees | $122.62 |
| PACER/Docket research fees | $22.29 |
| Filing Fees | $350.00 |

---

[12] Mr. Clive Tan is specially trained as a paralegal. Mr. Tan completed a Paralegal Certificate program on March 22, 2021, and received his Paralegal Certificate on April 20, 2021.

17

| | |
|---|---|
| **Total:** | $494.91 |

The expenses listed above are all in conformity with the Bankruptcy Court's Guidelines. Wherever necessary Applicant's expense policies have been modified to comply with the Guidelines. All of the expenses listed above are at actual cost.

IV. **CONCLUSION**

Based on the foregoing, the aggregate value of services rendered and costs advanced during the period covered by this Application is **$148,505.26** which N&J respectfully requests at this time. N&J believes that the services rendered during the Application Period were reasonable and necessary. No agreement or understanding exists between Applicant and any other person or entity for a division of the compensation sought herein. The Certification of an attorney designated by Applicant pursuant to Guideline No. 8 is attached.

DATED: August 10, 2021

Respectfully submitted,
NASSIRI & JUNG LLP

By: */s/ Jose Raul Alcantar Villagran*

Jose Raul Alcantar Villagran
Attorneys for Debtors
DAN YOON and JEENEE S. YOON

18